Manuel Antonio CARDENAS–BORJA, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–72489.

Agency No. A72–698–104.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 15, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Charles E. Nichol, Law Office of Charles E. Nichol, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, M. Jocelyn Wright, Larry P. Cote, M. Jocelyn Wright, Larry P. Cote, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

## MEMORANDUM**

Manuel Antonio Cardenas–Borja, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review the conclusion that Cardenas–Borja is ineligible for asylum for substantial evidence. *Nahrvani v. Gonzales,* 399 F.3d 1148, 1151 (9th Cir.2005). We review due process contentions de novo. *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). We deny the petition for review.

Substantial evidence supports the IJ's conclusion that Cardenas–Borja is not eligible for asylum, as the record does not compel the conclusion that the threats the Peruvian guerillas made to Cardenas–Borja constituted past persecution, *see Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000) (unfulfilled threats may indicate a danger of future persecution, but generally do not constitute past persecution), or that Cardenas–Borja has an objectively reasonable fear of future persecution on account of a protected ground, *see Nahrvani,* 399 F.3d at 1154.

Cardenas–Borja contends that the IJ violated his due process rights by failing to fully inform him of hearing procedure or to fully develop the record. However, Cardenas–Borja failed to show prejudice resulting from the procedure followed by the IJ during his pro se asylum hearing. *See, e.g., Ramirez–Alejandre v. Ashcroft,* 319 F.3d 365, 383–84 (9th Cir.2003) (en banc) (to establish prejudice, an alien must show the alleged due process violation potentially affected the outcome of the immigration proceedings). The record shows that the IJ asked Cardenas–Borja if he had any testimony to add in support of his asylum claim, and neither his responses at the hearing nor his subsequent contentions to the BIA and this court show any basis for fearing

persecution on account of an actual or imputed political belief. *Compare Colmenar*, 210 F.3d at 972 (finding prejudice where native and citizen of the Philippines made conclusory, yet specific, allegations of fear of political persecution by the New People's Army).

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.